IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

B.L.G., A MINOR,
BY AND THROUGH HER NATURAL PARENT
AND GUARDIAN AUTUMN BAILEY      PLAINTIFF

VS.           CAUSE NO.: 1:17cv199LG-RHW

MISSISSIPPI CHILDREN'S HOME SERVICES, INC.,
 D/B/A CANOPY CHILDREN'S SOLUTIONS;
CARES CENTER, INC.,
 D/B/A CANOPY CHILDREN'S SOLUTIONS;
MISSISSIPPI CHILDREN'S HOME SOCIETY,
 D/B/A CANOPY CHILDREN'S SOLUTIONS;
TRAVYS VELEZ;
JENNIFER BYERS, R.N.;
JOHN AND JANE DOES A; B; C; D; AND E; AND
CORPORATIONS, X, Y, AND Z      DEFENDANTS

## AMENDED COMPLAINT
(JURY TRIAL REQUESTED)

COMES NOW the Plaintiff, by and through undersigned counsel, and files her Amended Complaint against Defendants, Mississippi Children's Home Services, Inc., Cares Center, Inc., and Mississippi Children's Home Society, all of which are collectively doing business as "Canopy Children's Solutions"; Travys Velez; Jennifer Byers, R.N.; John and Jane Does A-E; and Corporations X, Y, and Z, and in support of her cause of action, shows the following:

PARTIES

1. This Amended Complaint incorporated herein by reference all facts and allegations set forth in Complaint filed by the Plaintiff on July 28, 2017.

2. Plaintiff, B.L.G., a minor, by and through her natural parent and guardian Autumn Bailey, is a minor child sixteen (16) years of age and a resident of Glen Park, New York.  At all times set forth herein, B.L.G. was a vulnerable person as defined by Miss. Code Ann. §43-47-5 (2017).

3. Defendant, Mississippi Children's Home Services, Inc. d/b/a Canopy Children's Solutions (hereafter "Canopy"), is a Mississippi company, and based on information and belief, maintains its principal place of business, at 1465 Lakeland Drive, Jackson, Mississippi, 39216 and can be served with process by service upon its Registered Agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4. Defendant, Cares Center, Inc., d/b/a Canopy Children's Solutions (hereafter "Canopy"), is a Mississippi company, and based on information and belief, maintains its principal place of business at 1465 Lakeland Drive, Jackson, Mississippi 39216 and can be served with process by service upon its Registered Agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5. Defendant, Mississippi Children's Home Society, d/b/a Canopy Children's Solutions (hereafter "Canopy"), is a Mississippi company and based on information and belief, maintains its principal place of business at 1900 North West Street

Jackson, Mississippi, 39202 and can be served with process by service upon its Registered Agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

6. "Canopy Children's Solutions" is a fictitious entity which is controlled by an "Agency" consisting of Defendants Mississippi Children's Home Services, Inc., Cares Center, Inc., and Mississippi Children's Home Society. See "Board of Directors' Resolution" dated November 16, 2016 attached as "Exhibit 1". Based on information and belief, Defendants Mississippi Children's Home Services, Inc., Cares Center, Inc., and Mississippi Children's Home Society each exercise independent and collective principal control over all operations of Canopy Children's Solutions.

7. Defendant, Travys Velez (hereafter "Velez"), based on information and belief, is an adult resident citizen of Jackson County, Mississippi, who may be served with process in the time and manner provided by law at 2533 Krystal Lane, Vancleave, Mississippi 39565, or wherever he may be found.

8. Defendant, Jennifer Byers (hereafter "Byers"), based on information and belief, is a registered nurse and an adult resident citizen of Jackson County, Mississippi, who may be served with process in the time and manner provided by law at 10389 Daisy Vestry Road, Vancleave, Mississippi 39565, or wherever she may be found

9. Defendants, John and Jane Does A-E and Corporations X, Y, and Z are individuals and/or entities who caused or contributed to the injuries of the Plaintiff,

3

but whose identities, and the scope of their liability, are presently unknown to the Plaintiff. Defendants John and Jane Doe A-E and Corporations X, Y, and Z may include, but are not limited to, any and all employees and/or representatives of Mississippi Children's Home Services, Inc., Cares Center, Inc., Mississippi Children's Home Society, and/or Canopy Children's Solutions, involved in any way in the purported care of B.L.G., a minor; the true owner and/or operator of Canopy Children's Solutions, and/or any and all association(s) and/or business relationship(s) and/or business entities formed by and between the Defendants or any of them. Plaintiff will amend his Complaint to Defendants John and Jane Doe A-E and Corporations X, Y, and Z and describe their liability, when their true identities, and liability, are ascertained.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under the provision of Title 28, United States Code §1332, in that this suit is a civil action between citizens of different States wherein the matter and actual controversy exceeds the sum value of $75,000.00, exclusive of interest and costs.

11. Venue in this civil action is appropriate in this Court pursuant to Title 28, United States Code §1391, as a substantial part of the events or omissions giving rise to the claims of the Plaintiff occurred, and a substantial part of property that is the subject of this action is situated in the Southern Division of this Court, specifically Saucier, Mississippi.

FACTS AND CAUSES OF ACTION

12. In support of the following claims, Plaintiff hereby refers to, re-alleges, and incorporates by reference, in each of the following causes of action, each and every paragraph of this Amended Complaint, as set forth above and below.

13. Based on information and belief, the Defendants, and each of them, independently and collectively operate "Canopy Children's Solutions" (hereafter "Canopy") as co-principals, with each of the Defendants directing the actions of the employees, representatives, and agents of "Canopy".

14. Based on information and belief, the Defendants, and each of them, collectively doing business as "Canopy" operate a psychiatric residential treatment facility located at 2821 Road 401, Saucier, Mississippi. Based on information and believe, the "Canopy" facility in Saucier, Mississippi is a health care facility licensed under the provisions of Miss. Code Ann. §41-9-1 et seq. and/or other applicable Mississippi law.

15. On or about February 2, 2017, B.L.G., a minor, was evaluated at the Canopy Children's Solutions facility located in Saucier, Mississippi. At the time of the evaluation, B.L.G. was fifteen years old, had a history of six (6) separate psychiatric hospitalizations for suicidal ideation, had attempted suicide on three (3) separate occasions, and had a history of depression, syncope, cyclothymia, migraines, generalized anxiety disorder, attention deficit disorder, oppositional defiant disorder of childhood, and seizures. B.L.G. was referred to "Canopy" for inpatient comprehensive treatment after being hospitalized at Memorial Behavioral Health in

Gulfport, Mississippi. After completing its evaluation, it was determined that B.L.G. required comprehensive inpatient psychiatric treatment and that B.L.G. would be admitted as a patient at "Canopy's" inpatient facility in Saucier, Mississippi.

16. During the admission process on February 2, 2017, Autumn Bailey, B.L.G.'s mother, was requested to provide consent for B.L.G. to receive immunization injections. Since B.L.G. is a minor, B.L.G. is incapable of providing consent for medical treatment. Autumn Bailey refused to provide consent. At the same time, Autumn Bailey specifically refused to provide consent for B.L.G. to be injected with Human Papilloma Virus (HPV) vaccination drugs. Autumn Bailey expressed her objection to the HPV vaccination because of the side effects associated with that drug, including sterilization and/or reproductive system side effects. Autumn Bailey's refusal to provide consent for B.L.G. to be injected with HPV vaccine was written in B.L.G.'s medical records by Defendants' nurse named "M. Whitaker, RN".

17. Additionally, during the admission process, Defendants provided B.L.G. and Autumn Bailey with the "Canopy Children's Solutions Notice of Rights". This Notice of Right specifically state:

> 1. **You have the right to receive considerate and respectful care in which your personal dignity is recognized and protected at all times**…
>
> 6. **You have the right to be involved in decision about the care provided to you.** *This includes your right to participate in the development, revision and termination of your individualized plan of care. For some of the services/procedures you receive, you are to be fully explained the reasons and possible adverse reactions from the services/procedures recommended so that you can give informed consent prior to those services/procedures being performed…*

9. **You have the right to refuse care, including medication use, to the extent of the law.** *You have the right to be informed of the consequences of your decision should you choose to refuse care.*

18. After the admission process was completed, B.L.G. was admitted to the Canopy facility for comprehensive residential psychiatric treatment.

19. On or about March 17, 2017, forty-three (43) days after B.L.G.'s admission to Defendants' facility, Defendant Travys Velez, Case Manager, and Jennifer Byers, R.N. demanded B.L.G. be injected with HPV vaccination. B.L.G. informed the staff that she was not to receive such an injection. B.L.G. told Velez, Byers, and the other staff that her mother had specifically refused to provide consent for such procedure, and B.L.G. refused to consent to the injection. Velez and Byers continued to demand B.L.G. get the injection. Velez told B.L.G. she would not be allowed to see her family during the upcoming weekend and that she would be punished if she did not receive the injection. B.L.G. immediately became distraught and upset by this threat. B.L.G. physically resisted the attempts of the Defendants' staff to place her in a van to take her to the health department to receive the injection. B.L.G. physically resisted Velez, Byers and other staffs' attempts to require her to be injected with the drug. B.L.G. was crying, screaming, and physically resisting the staff of the Defendants for more than 2 hours. B.L.G. requested that her mother be contacted to confirm that B.L.G. was not to receive such treatment. Based on information and belief, no attempt was made to contact Autumn Bailey. Ultimately, the Defendants' staff wore down the will and ability of B.L.G. to resist, and Defendants' staff forcibly placed B.L.G. in a van and

7

transported her to the Harrison County Health Department.  The Defendants' staff then forcibly caused B.L.G. to be injected with Gardasil 9, a human papillomavirus drug, against her consent, against the consent of her mother and guardian, against the Notice of Rights provided at the time of admission, and against Mississippi law. Based on information and belief, Defendants' employees and/or representatives misled the personnel of the Harrison County Health Department, and told the Health Department personnel that B.L.G. and her mother consented to the procedure.

20. As a result of the actions of the Defendants and their staff, B.L.G. was subjected to physical pain, injury and mental anguish.  As a result of the actions of the Defendants' staff, B.L.G. was subjected to unreasonable confinement that was not necessary for any mental or physical health treatment.

21. Based on information and belief, no doctor ordered B.L.G. to receive any HPV drug.  The standard of care requires a doctor's order for such an injection.

22. After returning from the Harrison County Health Department, B.L.G. informed her mother about what had occurred, and that B.L.G. was forcibly injected with the HPV vaccine.  Autumn Bailey confronted the admitting nurse of the Defendants and asked why did they forcibility have B.L.G. injected with HPV drugs against her consent.  The Defendants' nurse admitted that the refusal to consent to the procedure was in B.L.G.'s medical records and that it should not have happened.

23. As a result of the breach of the standards of care, breach of trust, violation of the rights of B.L.G., abuse, and assault and battery of B.L.G., Autumn Bailey requested B.L.G. be released for Defendants' facility.  Defendants' staff then unlawfully placed in B.L.G.'s medical records that B.L.G. was being discharged against clinical advice.  Defendants' staff failed to lawfully record in B.L.G.'s medical records that she had been forcibly injected with a drug against her consent and the consent of her mother.

24. At all relevant times, Velez and Byers were employees and/or agents of Canopy Children's Solutions and the Defendants.

25. At all relevant times, Defendants Mississippi Children's Home Services, Inc., Cares Center, Inc., and Mississippi Children's Home Society were co-principals with each other, and in an agency relationship with each other regarding the operations of the business of Canopy Children's Solutions and regarding the employment of and control of the employment of the personnel working at Canopy Children's Solutions.

## COUNT I:  ASSAULT AND BATTERY

26. Plaintiff re-alleges and restates the above allegations as if fully copied herein.

27. Defendants, and each of them, committed an assault and battery upon B.L.G., a minor because they subjected her to a medical procedure and injection with drug chemicals without her consent and without the consent of her mother.  Such actions under Mississippi law are deemed to be assault and battery.

28. As a result of the willful, intentional, negligent, reckless, and /or grossly negligent conduct of the Defendants and their employees proximately caused and/or contributed to cause severe injuries and damages to B.L.G., a minor. These injuries include:

    a. Physical pain;

    b. Mental anguish and emotional distress;

    c. Medical treatment, rehabilitation, and therapy;

    d. Past, present and future medical expenses, including but not limited to expenses for hospital bills, doctor care, treatment, rehabilitation, and medication;

    e. Loss of enjoyment of life; and

    f. Other damages and injuries to be shown at the trial of this matter.

29. All of the above acts and/or omissions constitute intentional and willful conduct, gross negligence and/or careless/reckless disregard for the rights of the B.L.G., a minor; and entitle the B.L.G. a minor to recover exemplary and/or punitive damages.

## COUNT II: NEGLIGENCE AND BREACH OF THE STANDARD OF CARE

30. Defendants, and each of them, owed B.L.G.., a minor, a duty to exercise that standard of care required of minimally qualified medical providers. Defendants, and each of them, owed B.L.G., a minor, a duty to exercise the standard of care to fully advise B.L.G., a minor, and her mother Autumn Bailey, of the material known risk regarding the administration of all chemical drugs. Defendants, and each of them,

owed B.L.G., a minor, and her mother Autumn Bailey a duty to exercise the standard of care to fully advise B.L.G., a minor, obtain informed consent for suggested medical treatment and administration of chemical drugs. Defendants had the duty to take reasonable care to prevent foreseeable injury to B.L.G.., a minor, by providing medical staff in its facility on March 17, 2017. Defendants breached its duties and standards of care owed B.L.G., a minor. Such breaches proximately caused or contributed to the severe injuries and damages sustained and suffered by B.L.G., a minor. These injuries include the following:

    a. Physical pain;

    b. Mental anguish and emotional distress;

    c. Medical treatment, rehabilitation, and therapy;

    d. Past, present and future medical expenses, including but not limited to expenses for hospital bills, doctor care, treatment, rehabilitation, and medication;

    e. Loss of enjoyment of life; and

    f. Other damages and injuries to be shown at the trial of this matter.

COUNT III: VIOLATION OF MISSISSIPPI VULNERABLE PERSON ACT

31. Plaintiff hereby re-alleges and incorporates each and every preceding paragraph as if fully set forth herein in this cause of action and further alleges as follows:

32. Defendants, and each of them, set into motion and completed a scheme to cause B.L.G., a minor, to be subjected to abuse, neglect, physical pain, injury,

mental anguish, unreasonable confinement and deprivation of services necessary to maintain her mental and/or physical health in violation of the Mississippi Vulnerable Person Act, Miss. Code Ann. § 43-47-1 et seq. Defendants, and each of them, intentionally, willfully, negligently, and/or grossly negligently caused and/or contributed to cause B.L.G., a minor and vulnerable person, to be subjected to assault, battery, and forcible injection of chemical drugs without any consent, through the unlawful use of physical force and intimidation.

33. Defendants, and each of them have violated the statutory provisions of this State, particularly the *Mississippi Vulnerable Adults Act*, Miss. Code Ann. § 43-47-1 et seq. and are therefore negligent *per se.*

34. It was foreseeable to all Defendants that the acts and omissions set forth in the preceding paragraphs would cause or contribute to cause serious injury or harm to members of the public, including the Plaintiff who was in the class of persons sought to be protected by the *Mississippi Vulnerable Adult Act*. Defendants' said acts and omissions did cause and/or substantially contributed to cause B.L.G., a minor, to suffer severe injuries and damages as set forth throughout this Complaint.

35. Defendants, Mississippi Children's Home Services, Inc., Cares Center, Inc., and Mississippi Children's Home Society, as co-principals, directly participated in the preceding torts against B.L.G., a minor, and are liable therefore. Additionally, an in the alternative, said Defendants are vicariously liable for the torts of their

employee/agent/officers Velez, Byers, and any and all other unidentified person involved in the matters set forth in this Complaint.

36. All of the above acts and/or omissions constitute intentional and willful conduct, gross negligence and/or careless/reckless disregard for the rights of the B.L.G., a minor; and entitle the B.L.G., a minor to recover exemplary and/or punitive damages.

COUNT IV: FAILURE TO SUPERVISE

37. Defendants had a duty to hire, employ, train, supervise, entrust, and retain skillful and competent employees and/or agents to provided medical services. Based on knowledge and belief, Defendants negligently and/or grossly negligently failed to hire, employ, train, supervise, entrust, and retain skillful and competent employees and/or agents to provide emergency medical services that complied with the applicable standards of care.

38. Further, Defendants, and each of them, had the duty to supervise the medical treatment rendered by the personnel of their facility to members of the public, including B.L.G., a minor. Defendants, and each of them, by and through its agents, representatives, and officers, negligently and/or grossly negligently failed to supervise the medical treatment rendered to B.L.G., a minor.

39. It was foreseeable to the Defendants that the acts and omissions set forth in the preceding paragraphs would cause or contribute to cause serious injury or harm to members of the public, including the B.L.G., a minor, and in fact, Defendants' said acts and omissions did cause and/or substantially contributed to cause B.L.G.,

a minor to suffer severe injuries and damages as set forth throughout this Complaint.

### COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff re-alleges and restates the above allegations as if fully copied herein.

41. Defendants, and each of them, intentionally, willfully, and wantonly, and with careless disregard for the rights of B.L.G., caused her to be injected with the chemical drug against the consent of her mother and natural guardian, and against the wishes of B.L.G.

42. Defendants', and each of their, conduct was outrageous.

43. Defendants, and each of them, intended to cause B.L.G. emotional distress; and B.L.G. did, in fact, suffer emotional distress.

44. Defendants', and each of their, conduct was a substantial factor in causing B.L.G. emotional distress; and it was expected that the outrageous conduct of the Defendants would cause B.L.G. emotional distress.

45. Defendants', and each of their, conduct was so willful and wanton that it would evoke outrage and revulsion from the community.

46. Defendants, and each of them, proximately caused and/or contributed to cause intentional infliction of emotional distress and gross negligent infliction of emotional distress upon B.L.G., a minor because they subjected her to a medical procedure and injection with drug chemicals without her consent and without the consent of her mother.

47. As a result of the willful, intentional, negligent, reckless, and /or grossly negligent conduct of the Defendants and their employees proximately caused and/or contributed to cause severe injuries and damages to B.L.G., a minor. These injuries include:

   a. Physical pain;

   b. Mental anguish and emotional distress;

   c. Medical treatment, rehabilitation, and therapy;

   d. Past, present and future medical expenses, including but not limited to expenses for hospital bills, doctor care, treatment, rehabilitation, and medication;

   e. Loss of enjoyment of life; and

   f. Other damages and injuries to be shown at the trial of this matter.

48. All of the above acts and/or omissions constitute intentional and willful conduct, gross negligence and/or careless/reckless disregard for the rights of the B.L.G., a minor; and entitle the B.L.G. a minor to recover exemplary and/or punitive damages.

<u>COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

49. Defendants, and each of them, committed negligent acts which caused B.L.G. to suffer physical harm and emotional distress.

50. Defendants', and each of their, conduct was a substantial factor in causing B.L.G. to suffer emotional distress, and it was foreseeable that the Defendants' conduct would cause B.L.G. to suffer emotional distress and physical harm.

51. Defendants, and each of them, proximately caused and/or contributed to cause negligent infliction of emotional distress upon B.L.G., a minor because they subjected her to a medical procedure and injection with drug chemicals without her consent and without the consent of her mother.

52. The willful, intentional, negligent, reckless, and /or grossly negligent conduct of the Defendants and their employees proximately caused and/or contributed to cause severe injuries and damages to B.L.G., a minor. These injuries include:

   a. Physical pain;

   b. Mental anguish and emotional distress;

   c. Medical treatment, rehabilitation, and therapy;

   d. Past, present and future medical expenses, including but not limited to expenses for hospital bills, doctor care, treatment, rehabilitation, and medication;

   e. Loss of enjoyment of life; and

   f. Other damages and injuries to be shown at the trial of this matter.

## COUNT VII: DAMAGES

53. Plaintiff re-alleges and restates the above allegations as if fully copied herein. As a direct and proximate result of the Defendants' intentional and/or willful acts, negligence, recklessness, and/or gross negligence, as set forth in each of the preceding paragraphs, Plaintiff demands from the Defendants, and each of them, the following damages:

a. Any and all damages set forth in the preceding paragraphs;

b. Medical and pharmaceutical expenses, past, present, and future;

c. Compensatory damages for emotional distress, disability, and loss of enjoyment of life;

d. Past, present, and future Economic damages;

e. Punitive and/or exemplary damages;

f. Incidental and Consequential damages, including attorneys' fees and expenses;

g. Pre and post judgment interest in an amount not less than 8% per year;

h. Any and all additional damages deemed allowable by this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully demands trial by jury and respectfully requests that judgment be entered against Defendants, Mississippi Children's Home Services, Inc., Cares Center, Inc., and Mississippi Children's Home Society, all of which are collectively doing business as "Canopy Children's Solutions"; Travys Velez; Jennifer Byers; John and Jane Does A-E; and Corporations X, Y, and Z, individually, jointly and severally, for all actual damages, compensatory damages, and punitive damages as shown by the evidence, and that Plaintiff be awarded pre and post-judgment interest in the amount of 8% per annum and/or in such other amount as is determined by this Court; any and all attorneys' fees and costs of litigation; and all such other relief to which Plaintiff may be entitled.

Respectfully submitted, this the __7__ day of __DECEMBER__, 2017.

                B.L.G., A MINOR,
                BY AND THROUGH HER NATURAL PARENT
                AND GUARDIAN AUTUMN BAILEY

By: _____
                DAVID N. HARRIS, JR (MSB# 100790)
                DAVID N. HARRIS, JR. LAW FIRM, P.L.L.C.
                P.O. Box 336
                Gulfport, Mississippi 39502-0336
                (228) 236-7616
                david@davidharrislawfirm.com

## CERTIFICATE OF COMPLIANCE

COMES NOW the undersigned counsel, in accordance with Section 11-1-58, and states that the undersigned attorney has reviewed the facts, and has consulted with an expert who is qualified to give expert testimony as to the standard of care or negligence, and whom the undersigned attorney believes is knowledgeable of the relevant issues and facts involved in this action. The undersigned attorney has concluded that based on such review and consultation there is a reasonable basis for commencement of this action.

RESPECTFULLY SUBMITTED, this the 7 day of DECEMBER, 2017.

_____
DAVID N. HARRIS, JR (MSB# 100790)

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert A. Miller (MSB#3305)
Ben Z. Claxton (MSB#105095)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Phone: (601) 947-5711
Fax: (601) 985-4500
E-mail: bobby.miller@butlersnow.com
       ben.claxton@butlersnow.com

Michael C. McCabe, Jr. (MSB#101548)
BUTLER SNOW LLP
1300 Twenty Fifth Avenue, Suite 204
Gulfport, MS 39501
P.O. Box 4248
Gulfport, MS 39502-4248
Phone: (228) 864-1170
Fax: (228) 868-1531
E-mail: michael.mccabe@butlersnow.com

This the _7_ day of _DECEMBER_, 2017.

By: _____
DAVID N. HARRIS, JR. (MSB #100790)